*171
 
 .Ruffin, C. J.
 

 The Stat. 18 Ed. I, bars-a wife of dower in her husband’s lands, if she willingly leave her husband and go away, and continue with her adulterer, unless:,, the husband should become reconciled to her and suffer her to dwell with him, Rev. Stat. ch. 121, sec. 11. The counsel for the defendant admits this case not to be covered in terms by that Statute, as it is restricted to dower, and personalty is not in its purview. But it was supposed, that the 18th section ofouract, which gives the widow the right to a year’s provision, does, by the use of the words “such widow,’’'extend the 11th section to this case and exclude from such support a widow before excluded from dower. Clearly that is not so. The 17th and 18th sections of the Revised Statutes are taken literally from an act of 1796, which is confined to making provision for the immediate support of the widow and family of an, intestate out of the crop, stock and provisions on hand. The first section, of it enacted, that until the next Court the widow might take possession of the per- . sonal estate and' use as much of those articles as might be necessary for herself and family and the second section enacted, that “such widow” mights at Court petition for an allotment of the-crop, stock, and provisions for the further support of the widow and family for a year. It is apparent that the words “such widow” in- the second section of the act of 1796 refers.to the widow mentioned in the preceding section — -that- is, the widow of an< intestate, leaving those articles of personal estate. It has, the same reference in the 18th section of the Revised Statutes to the. 17th section, and exactly the same sense. For, it-cannot be supposed that the words of those parts of the Revised Statute are to have a different meaning from that in which the same words were used in the original act of 1796. Therefore that phrase
 
 u
 
 such widow” in. the 18th section has no relation to the-provision, in the 11th section, barring an adulteress of dower. But, if it had, it would make no difference here, because,. in truth, this petitioner is not excluded from,dower under.
 
 *172
 
 that section. She did not leave her husband willingly, in the sense of the act, that is, of her own accord; but she ■went away by the husband’s orders, which she was obliged to obey. Besides, she did not
 
 “go
 
 away and continue with her adulterer;” whom, as far as appears, she never saw after her husband forced her to live separately from him. Whatever cause this woman may have given her husband for • taking steps to have the marriage dissolved, and thereby protect his estate from her claims, it is sufficient for this case, that he did no such thing, but did. leave her his widow and under no bar-to her claims, as such, on his property.
 

 Pee Curiam. • Judgment affirmed.